114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven C. EISENBISE, Plaintiff-Appellant,
v.
Kathleen WALTERS; Robert Herzog; Shumaker, Mr.; Wanda
Eisenbise, Defendants-Appellees.
 No. 96-35916.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 21, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven C. Eisenbise, a Washington state prisoner, appeals pro se the district court's (1) summary judgment in his 42 U.S.C. § 1983 action alleging he was denied his constitutional right to associate with his children; (2) failure to rule on his motion to compel discovery; and (3) failure to consider his summary judgment motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo, see Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995) (per curiam), and we affirm.
 
 
 3
 Eisenbise contends that he raised a genuine issue of material fact as to whether defendant prison officials[1] violated his First and Fourteenth Amendment rights to associate with his children. This contention lacks merit.
 
 
 4
 Eisenbise produced no direct evidence that defendant prison officials ordered him to cease contact with his children or otherwise interfered with any attempts by him to contact his children. Although Wanda Eisenbise requested of the prison that Eisenbise cease harassing and threatening her, her family, and their four children, defendant prison officials submitted affidavits stating that the "no contact" order they imposed on Eisenbise always referred only to Wanda Eisenbise, not to the children. Various documents in the record, including Eisenbise's written grievance and written notices from prison officials to Eisenbise, refer only to restricting his contacts with his wife. Eisenbise failed to raise a genuine issue of material fact as to whether prison officials interfered with his parental rights and, thus, summary judgment was proper. See Celotex v. Catrett, 477 U.S. 317, 321 (1986).
 
 
 5
 Second, Eisenbise contends that the district court erred by failing to rule on his motion to compel Wanda Eisenbise to produce additional correspondence prior to granting defendants' summary judgment motion. This contention lacks merit.
 
 
 6
 We review de novo a district court's failure to rule on a discovery motion prior to summary judgment. See Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir.1994). Because Eisenbise failed to demonstrate that the information sought through additional discovery would have shed light on the issues upon which the summary judgment was based, the district court did not err. See id.
 
 
 7
 Finally, we reject Eisenbise's contention that the district court erred by not properly considering his summary judgment motion, because it is clear that the district court considered the entire record, including his motion.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Eisenbise contends that the district court erred by granting summary judgment for defendant Wanda Eisenbise, this contention lacks merit because Eisenbise produced no evidence that she acted under "color of state law." See Price v. Hawaii, 939 F.2d 702, 707-09 (9th Cir.1991)
 
 
 [2]
 Because of our disposition of this matter, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal